# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARRYL RIGGINS, AIS # 184051,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 08-0195-CG-C** |
| **RICHARD ALLEN, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was transferred from the United States District Court for the Middle District of Alabama, and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

>   the prisoner is under imminent danger of serious physical
>   injury.

28 U.S.C. § 1915(g).

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that plaintiff previously had at least three actions that were dismissed either as frivolous or for failure to state a claim upon which relief can be granted, namely, *Riggins v. Hilbert, et al.,* CA 02-2184 RBP-JEO (N.D. Ala. Feb.13, 2003); *Riggins v. Coody,* CA 99-1230 MHT-SRW (M.D. Ala Nov. 23, 1999); *Riggins v. Hightower, et al.,* CA 99-0952 WHA-CSC (M.D. Ala. Apr. 7, 2000); *Riggins v. Hightower, et al.,* CA 99-0722-WHA-CSC (M.D. Ala. Sept. 13, 1999),[1] *aff'd* (11th Cir. Sept. 27, 2000).[2]

Because plaintiff has had at least three actions that were dismissed as frivolous or for failure to state a claim upon which relief can granted, he was required to pay the $350.00 filing fee when he *initiated* this action or he would suffer the dismissal of his action unless he came within the exception of 28 U.S.C. § 1915(g). *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324-25 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002). Section 1915(g)'s exception allows a

---

[1]The docket sheet in CA 99-0722 does not contain the explicit language of a dismissal ground under § 1915(e)(2)(B). However, the court for the Middle District in *Riggins v. Robinson, et al.,* CA 04-0948 MEF-CSC (M.D. Ala. Jan. 10, 2005), and *Riggins v. McDonnell, et al.,* CA 04-1030 MEF-VPM (M.D. Ala. Dec. 2, 2004), noted that the docket itself reflected that CA 99-0722 qualified as such a dismissal when it dismissed both of these actions under § 1915(g). And it appears to this Court based on the docket sheet in CA 99-0722, i.e., no service on the defendants, that the dismissal was based on a ground under § 1915(e)(2)(B).

2

prisoner to proceed with his action without prepayment of the full filing fee if at the time of the complaint's filing he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the present action, plaintiff's complaint (Doc. 1) does not indicate at the time of filing that plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).  Rather, plaintiff's present action is concerned with inmates in segregation being over-medicated by "defendants" when they give more than the prescribed dose of medicine.  When "defendants" are informed of this, inmates are told to take half and save the other half for later even though inmates can be subject to a disciplinary if they are caught with medicine.  Plaintiff refers to "inmates," "plaintiffs," and "their."  He does not refer to a situation that is personal to him from which he suffered an injury or from which it is apparent that he is "under imminent danger of serious physical injury."  Thus, these nebulous allegations fail to satisfy § 1915(g)'s "imminent danger of serious physical injury" exception.

Plaintiff is aware through this Court's and other federal district courts' prior rulings dismissing his actions pursuant to § 1915(g) that § 1915(g) will be applied to his actions.[3]  As a result of plaintiff not paying the $350.00 filing fee at the time he filed this

---

[3]Prior to plaintiff having filed this action on March 26, 2008 in the Middle District of Alabama, plaintiff had several actions dismissed pursuant to 28 U.S.C. § 1915(g) because he was

action and not satisfying § 1915(g)'s "under imminent danger of serious physical injury" exception, plaintiff's action is due to be dismissed without prejudice.  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  It is further recommended that plaintiff's affidavit of substantial hardship (Doc. 3) be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 30th day of April, 2008.

                                          s/WILLIAM E. CASSADY
                                          UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND**

---

deemed a "three-striker."  Plaintiff was very aware when he filed this action without payment of the $350.00 filing fee, the action would be scrutinized under § 1915(g).

In this Court plaintiff's prior action, *Riggins v. Culliver, et al.,* CA 05-0745-CG-B (S.D. Ala. Sept. 6, 2006), was dismissed pursuant to § 1915(g).  Other previous § 1915(g) dismissals are: *Riggins v. McDonnell, et al.,* CA 04-0130 MEF-VPM (M.D. Ala. Dec. 2, 2004*)*; *Riggins v. McDonnell, et al.,* CA 04-0946-WHA-CSC (M.D. Ala. Nov. 29, 2004); *Riggins v. Robinson, et al.,* CA 04-0948 MEF-CSC (M.D. Ala. Jan. 10, 2005); *Riggins v. McDonnell, et al.,* CA 04-0945-MEE-CSC (M.D. Ala.. Jan 5, 2005); *Riggins v. Campbell, et al.,* CA 05-2609-KOB-JEO (N.D. Ala. Jan 6, 2006); and *Riggins v. Hetzel, et al.,* CA 08-0048-JEO (N.D. Ala. Feb.25, 2008).   And subsequent to this action's filing, *Riggins v, Allen, et al.,* CA 08-0014-RDD-JEO (N.D. Ala. April 4, 2008), was dismissed based on § 1915(g).  Furthermore, plaintiff has pending in this Court another action, which he filed on March 21, 2008, *Riggins v. Allen, et al.,* CA 08-0157-BH-B.

# RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                s/WILLIAM E. CASSADY
                                                                UNITED STATES MAGISTRATE JUDGE